**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**MATTHEW PITT**,

                                   Petitioner,

        - v -                                                       Civ. No. 9:10-CV-1233
                                                                                      (GLS/RFT)

**R. RABIDUEA**, *Superintendent,*

                                  Respondent.

**APPEARANCES:**                                        **OF COUNSEL:**

**MATTHEW PITT**
Petitioner, *Pro Se*
05-B-2870
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

**HON. ERIC T. SCHNEIDERMAN**             **PAUL M. TARR, ESQ.**
Attorney General of the State of New York     Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Petitioner Matthew Pitt brings this Petition for a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, challenging, on due process grounds, the validity of a superintendent's hearing decision sentencing him to two years confinement in a special housing unit ("SHU") and recommending the loss of eighteen months of good time credit. Dkt. No. 1, Pet. However, because the Petition was not filed within the statutory limitation period prescribed by 28 U.S.C. § 2244(d)(1)(D), we recommend that the Petition be **DENIED**.

## I. BACKGROUND

On April 6, 2007, Petitioner, while an inmate at Marcy Correctional Facility ("MCF"), was charged in a misbehavior report with having violated prison rules 121.11, for the making of third-party phone calls, 121.12, for failing to follow MCF's telephone program rules, and 180.11 for violating MCF's correspondence regulations. State Ct. R. (hereinafter "R"), Dkt. Nos. 12-1, Ex. A, Inmate Misbehavior Report, dated Apr. 6, 2007, & 12-3, Ex. C, Portions of Pet'r's Tier III Disciplinary Hr'g Tr. (hereinafter "Hr'g Tr."), dated Apr. 11 & Apr. 24, at pp. 6–7. Subsequently, at a superintendent's hearing, Petitioner was found guilty of all three charges and received, *inter alia*, two years of SHU confinement and a recommended loss of eighteen months of good time credit. Hr'g Tr. at p. 55; Dkt. No. 12- 4, Ex. D, Superintendent's Hr'g Disposition Form.

Petitioner appealed that determination to the Commissioner on May 22, 2007. Dkt. No. 12-5, Ex. E, Lt., dated May 22, 2007. On July 6, 2007, the Commissioner reviewed and modified the determination, reducing the period of SHU confinement and loss of good time credits to one year each, but otherwise upheld the hearing officer's determination of guilt. Dkt. 12-6, Ex. F, Review of Superintendent's Hr'g, dated July 6, 2007. On August 15, Petitioner, through counsel, requested reconsideration of the Commissioner's decision, which was denied on January 18, 2008. Dkt. Nos. 12-7, Ex. G, Lt., dated Aug. 15, 2007, & 12-8, Ex. H, Lt., dated Jan. 18, 2008.

In the interim, on October 31, 2007, Petitioner filed an Article 78 Petition in New York State Supreme Court, which was ultimately transferred to the New York State Appellate Division, Third Department. Dkt. Nos. 12-9, Ex. I, State Art. 78 Pet., & 12-11, Ex. K, Order, dated April 18, 2008. Upon review, the Appellate Division upheld the Commissioner's decision as to two of the charges, but remanded the decision back to the Commissioner ordering that the finding of guilt as to the

correspondence procedure violation (Rule 180.11) be annulled, and the penalty imposed adjusted accordingly. *Pitt v. Dubray*, 62 A.D.3d 1101 (N.Y. App. Div. 3d Dep't 2009). Accordingly, Petitioner's penalties were subsequently reduced to nine months confinement in SHU and a recommended loss of nine months of good time credit. Dkt. No. 12-16, Ex. P, Comm'r Review of Superintendent's Hr'g, dated May 15, 2009. On May 25, 2009, Petitioner sought leave to appeal to the New York State Court of Appeals, which was denied on September 17, 2009. Dkt. No. 12-17, Ex. Q, Request for Leave to Appeal; *Pitt v. Dubray*, 13 N.Y.3d 815 (N.Y. Ct. App. 2009).

Petitioner filed the instant Petition on October 12, 2010. Pet.

## II. DISCUSSION

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[1] federal *habeas* petitions challenging administrative recommendations to withhold good time credit are subject to a one-year statute of limitations. *McPherson v. Burge*, 2009 WL 1293342, at *4 (N.D.N.Y. May 5, 2009). Specifically, 28 U.S.C. § 2244(d) provides:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, § 2244(d)(1)(A) does not apply because Petitioner is challenging an administrative decision and not a judicial judgment of conviction. *See Palmer v. Phillips*, 2007 WL 60419, at *4 (S.D.N.Y. Jan. 8, 2007) ("The word "final" in § 2244(d)(1)(A) refers to a judgment of conviction, not to an administrative decision."). Sections 2244(d)(1)(B) and (C) are equally inapplicable because Petitioner is not claiming that some state action impeded him from seeking *habeas* relief or that an issue regarding retroactive application of a constitutional right recognized by the Supreme Court is at play. Therefore, under § 2244(d)(1)(D) the statutory period begins to run on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Palmer v. Phillips*, 2007 WL 60419, at *4 (citing, *inter alia, Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004)); *McPherson v. Burge*, 2009 WL 1293342, at *4; *Cook v. New York State Div. of Parole,* 321 F.3d 274, 280 (2d Cir. 2003) (applying 28 U.S.C. § 2244(d)(1)(D) to an action challenging the results of an administrative parole revocation hearing); *Santiago v. Unger*, 2013 WL 227757, at *5 (W.D.N.Y. Jan. 22, 2013) (same, quoting *Cook v. New York State Div. of Parole,* 321 F.3d at 280).

Furthermore, pursuant to § 2244(d)(2), the one-year limitation period is automatically tolled during the pendency of a properly filed application for State post-conviction or other collateral review. An Article 78 proceeding qualifies as "State collateral review" so long as the proceeding challenges "the *pertinent judgment* at issue." *Collins v. Ercole*, 667 F.3d 247, 253 (2d Cir. 2012) (emphasis in original). However, the tolling provision does not operate so as to restart the one-year

limitations period after the state post-conviction or collateral review proceeding comes to a close. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Additionally, because the limitations period is not jurisdictional, courts can equitably toll the period if a petitioner can show that despite "pursuing his rights diligently," some "extraordinary circumstances" prevented him from timely filing his petition. *See id.* (citations omitted); *see also Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (citing *Holland v. Florida,* ___ U.S. ___, 130 S.Ct. 2549, 2560–62 (2010)).

Here, Petitioner contests the validity of the superintendent's disciplinary hearing on the grounds that his constitutional rights to due process were violated because (1) the misbehavior report filed against him was untimely, (2) he received inadequate notice of the charges against him, and (3) the hearing officer failed to independently assess the credibility of confidential information. Pet. at Grounds One–Three. Respondent argues that the Petition is not timely. Dkt. No. 11, Resp't Mem. of Law in Opp'n at pp. 14–17. We agree.

Here, the "factual predicate" of the Petition is the superintendent's decision recommending that good time credits be withheld from Petitioner. That decision became discoverable, for purposes of § 2244(d)(1)(D), on the date the administrative decision became final. *See Cook v. New York State Div. of Parole,* 321 F.3d at 280 (finding that in a similar context – a *habeas* petition challenging parole revocation decisions – the Second Circuit determined that the factual predicate became discoverable when the petitioner was notified that the administrative decision at issue became final); *see also McPherson v. Burge*, 2009 WL 1293342, at *5 (citing *Cook)*. As noted by the Honorable Gary L. Sharpe, Chief United States District Judge of the Northern District of New York,

> [t]he recommended loss of good time actually occurs at the underlying disciplinary proceeding. The loss of good time at the disciplinary stage does not become

-5-

> "nonfinal" merely because the loss of good time is tentative until the [TAC] acts at a later date when parole o[r] conditional release is near. In other words the decision regarding [] good time actually became final at the conclusion of the underlying disciplinary proceedings, not when the good time was actually tabulated by TAC.

*Adams v. McGinnis*, 9:04-cv-0027, Dkt. No. 3, Order at p. 2 (N.D.N.Y. May 18, 2004) (citing *Miranda v. Khulmann*, 127 A.D.2d 924, 925 (N.Y. App. Div. 3d Dep't 1987)); *see also Gomez v. Kaplan*, 2000 WL 1458804, at *7 n. 7 (S.D.N.Y. Sept. 29, 2000).

An inmate wishing to challenge a superintendent's decision has only one direct administrative remedy available, he can appeal the decision to the commissioner, who can modify or overturn the superintendent's decision. N.Y. COMP. CODES R. & REGS. tit. 7, § 254.8. Failing that, an inmate can seek collateral review in State court by filing an Article 78 petition. *See Wall v. Kholi*, __ U.S. __, 131 S. Ct. 1278, 1285 (2011) (defining "collateral review" in the context of 28 U.S.C. 2244(d)(2) as "judicial review of a judgment in a proceeding that is not part of direct review."); *Aurelius Capital Master, Inc. v. MBIA Ins. Corp.*, 695 F. Supp. 2d 68, 74 (S.D.N.Y. 2010) (explaining that under New York law, "administrative decisions may only be challenged through Article 78" proceedings). Thus, for purposes of AEDPA's one-year limitations period, the superintendent's disciplinary decision became final upon Petitioner's receipt of the Commissioner's decision.

In the instant case, the Commissioner's decision was issued on July 6, 2007. Ex. F. Petitioner received notice of the decision the same day. Dkt. No. 16, Traverse, at ¶ 4. Therefore, absent any automatic or equitable tolling, the one-year AEDPA statutory limitations period would have ended on July 6, 2008. However, here, Petitioner was entitled to some automatic tolling under § 2244(d)(2) throughout the pendency of any collateral review proceedings. A motion is pending "from the time it is first filed until the time it's finally disposed of and further appellate review is unavailable under the particular state's procedures." *Saunders v. Senkowski,* 587 F.3d 543, 548 (2d Cir. 2009).

Construed liberally, Petitioner's papers can be interpreted as suggesting that the request for reconsideration which he made on August 15, 2007, should be considered collateral review, and therefore, entitled to automatic tolling under § 2244(d)(2). *See* Dkt. Nos. 12-7, Ex. G. In an effort to afford Petitioner every liberality to which a *pro se* litigant is entitled, and because it does not alter the outcome, we accept Petitioner's argument as true for purposes of our analysis. Accordingly, the statutory period ran for forty (40) days, between July 6, 2007 and August 15, 2007, before the automatic tolling provision of § 2244(d)(2) was triggered.

Ordinarily, the tolling provision would have run until Petitioner was notified that his request for reconsideration had been denied on January 18, 2008. Dkt. No. 12-8, Ex. H. However, on October 31, 2007, Plaintiff filed an Article 78 petition in State Court seeking collateral review of the pertinent judgment at issue – the validity of the superintendent's decision. *See* Ex. I*; see also Collins v. Ercole*, 667 F.3d at 253. Thus, Petitioner was entitled to an automatic toll until September 17, 2009, when Petitioner's Article 78 proceedings were terminated by the Court of Appeals' denial of his request for leave to appeal. *See McPherson v. Burge*, 2009 WL 1293342, at *6; *see also Palmer v. Phillips*, 2007 WL 60419, at *3.

However, Petitioner argues that he was entitled to an automatic tolling of the one-year limitations period until October 20, 2009, the date that a second request for leave to appeal was denied by the New York State Court of Appeals.[2] *See* Dkt. No. 1, Pet'r's Brief, at p. 2. Again, in an effort to afford Petitioner every possible liberality, and because it does not alter the outcome, we

---

[2] Petitioner contends that on May 26, 2009, one day after seeking leave to appeal to the New York State Court of Appeals, he filed with the Appellate Division a "DEMAND FOR COMPLIANCE WITH JUDGMENT FOR CONTEMPT OF COURT TO COMPEL THE Correctional Services to be obedien[t]." Pet'r's Brief at p. 2. That request was denied, and on October 20, 2009, the New York State Court of Appeals denied leave to appeal. *Id.* Although it is unlikely that such a motion would constitute collateral review for purposes of § 2244 (d)(2), as explained below, even if it did, it would not affect the outcome in this case.

will use the latter date. Accordingly, on October 20, 2009, Petitioner had 325 days (365 days less the forty [40] that passed before the automatic tolling period began), or until September, 10, 2010, to file a timely federal *habeas* petition. *See Smith v. McGinnis*, 208 F.3d at 17. Yet, Petitioner did not file his Petition until October 12, 2010. Pet. Therefore, even when affording Petitioner every possible liberality in our analysis, his Petition would still have been at least thirty-two (32) days late.[3]

Moreover, we can find no reason why Petitioner should receive the benefit of equitable tolling. The Second Circuit has cautioned that "[e]quitable tolling applies only in [] rare and exceptional circumstance[s]." *Smith v. McGinnis*, 208 F.3d at 17 (internal quotations, alterations, and citations omitted). To qualify "the Petitioner must 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing.'" *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) (citing *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir. 2000)). Such "[a] demonstration . . . cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson,* 224 F.3d at 134 (citations omitted).

Petitioner steadfastly maintains that he diligently pursued his rights, and that any delay[4] was due primarily to the fact that he was confined to SHU, or because he lost significant periods of time while orienting law clerks at different facilities to his claims as he was transferred "from prison to

---

[3] Were Petitioner not afforded any liberalities, his Petition likely would have been anywhere from sixty-five (65) to 174 days late, depending on whether the motion for reconsideration or Petitioner's second motion in State Court is considered collateral review thereby affecting the number of days Petitioner was entitled to automatic tolling under § 2244(d)(2).

[4] Petitioner claims that he was delayed in filing "his appeal," however it is not clear from the Traverse whether he was speaking about the instant *Habeas* Petition, or an appeal related to his Article 78 petition. *See generally* Dkt. No. 16. Construed liberally, we interpret this statement as a claim that he was delayed generally at all levels, including in the filing of the instant Petition.

prison." Dkt. No. 16, Traverse at ¶ 15. However, even accepting as true Petitioner's claim that he steadfastly pursued his rights, his allegations regarding confinement in SHU and being transferred between prisons simply do not constitute "extraordinary circumstances." *Lindo v. Lefever*, 193 F. Supp. 2d at 663 (citing cases for the proposition that "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."); *Brown v. Bullis*, 2013 WL 1294488, at *4 (N.D.N.Y. Mar. 26, 2013) (citing *Lindo v. Lefever, inter alia*, for the proposition that "[r]outine experiences of prison life do not qualify as extraordinary circumstances").

Therefore, because the Petition was filed more than a month after the statutory period expired, and Petitioner is not entitled to any equitable tolling, we recommend that the Petition be **DENIED** in is entirety.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** in its entirety; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should be issued with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 19, 2013
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge